UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES HASTEN FRANKLIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF OKLAHOMA, )<br>)<br>Respondent. ) | Case No. CIV-24-738-J |

## ORDER

Petitioner, a state prisoner proceeding pro se, initiated this habeas corpus action under 28 U.S.C. § 2254 in July 2024. [Doc. Nos. 1, 6].[1] The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 636. [Doc. No. 4].

On September 4, 2024, Judge Green issued a Report and Recommendation recommending that the Court dismiss Petitioner's § 2254 action as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq.* (R. & R.) [Doc. No. 11] at 1–9.[2] Petitioner objected to the Report and Recommendation on September 23, 2024. (Obj.) [Doc. No. 14]. The Court "applies de novo review to those findings on which [Petitioner] specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

---

[1] Petitioner filed his initial petition on July 22, 2024. [Doc. No. 1]. After being ordered to cure certain deficiencies in his initial filing, he submitted an amended petition on August 9, 2024. (Am. Pet.) [Doc. No. 6].

[2] All page citations refer to the Court's CM/ECF pagination.

I.      **Background**

In February 2020, Petitioner was convicted by jury in Oklahoma state court of shooting with intent to kill and being a felon in possession of a firearm.  He was sentenced to a lengthy prison term, and his convictions and sentences were affirmed on direct appeal in August 2021.

Over two years later, Petitioner unsuccessfully sought post-conviction relief in state district court.  He appealed, but the Oklahoma Court of Criminal Appeals declined jurisdiction and dismissed the matter.  He then filed a petition in error with the Oklahoma Supreme Court, which treated it as an application to assume original jurisdiction and declined to do so.  He subsequently filed this § 2254 action.

Petitioner raises four grounds for habeas corpus relief.  First, he appears to reassert the self-defense claim raised during his state trial.  *See* Am. Pet. at 5.  Second, he insists that he was denied a fair trial because his trial counsel failed to object to the prosecutor's improper attempt to define "reasonable doubt."  *Id.* at 6.  Third, he maintains that because the same public defender's office employed his trial and appellate counsel, there was a "conflict of interest in violation of [his] rights to equal protection or his rights to effective assistance of trial and appellate counsel."  *Id.* at 8 (cleaned up).  Fourth and finally, he alleges a *Batson* violation, noting that the jury was "all white" and, unrelatedly, that the prosecution was aware of exculpatory evidence.  *Id.* at 9.  Though not formally raised as a ground for relief, he also asserts that his sentence was "unjustly enhanced" under Okla. Stat. tit. 21, § 51.1.  *Id.* at 13.

As for the timeliness of his § 2254 action, Petitioner insists that he is actually and factually innocent and again cites the apparent conflict of interest between his trial and appellate counsel.  *Id*.  He also claims that he was "prohibited from getting [his] transcripts to continue appealing [his] conviction and . . . could not appeal within that time frame."  *Id.* (cleaned up).

II.     **Report and Recommendation**

The AEDPA imposes a one-year statute of limitations on filing a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1).  This statute of limitations begins to run from the latest of four dates: (1) the date on which the judgment became final by the conclusion of direct review or expiration of the time to seek direct review; (2) the date on which an unconstitutional or unlawful impediment to filing an action was removed; (3) the date on which a new constitutional right was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; and (4) the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)–(D).  The AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward [this] period of limitation."  *Id.* § 2244(d)(2).  But if a state post-conviction application is not properly filed or it is untimely, it does not toll the statutory clock.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  And "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

On review, Judge Green reasoned that, absent tolling, Petitioner had until November 11, 2022, to file his habeas petition under § 2244(d)(1)(A).  *See* R. & R. at 7.  She further reasoned that because Petitioner did not seek state post-conviction relief until after that limitations period had expired, that effort did not result in tolling under § 2244(d)(2).[3]  *Id.*  Thus, because Petitioner's § 2254 action was initiated in July 2024, she concluded the action was untimely under § 2244(d)(1)(A).  *Id.*

---

[3] Nor did Judge Green find that the lack of transcripts warranted equitable tolling.  *See* R. & R. at 7.

Judge Green found, too, that § 2244(d)(1)(B) was inapplicable. *Id.* at 6. Though Petitioner alleged generally that he was prohibited from receiving his state court transcripts to continue appealing his conviction, Judge Green reasoned that he had alleged no facts indicating that his lack of access to court transcripts prevented him from filing his habeas action.[4] *Id.*

Finally, Judge Green found that Petitioner was not entitled to an actual innocence exception, noting Petitioner's failure to allege the existence of new reliable evidence or other grounds sufficient to overcome the limitations bar. *Id.* at 8.

### III.  Petitioner's Objection

Petitioner's objection does not meaningfully address Judge Green's strong findings on timeliness. Instead, Petitioner provides only: "Petitioner, has asked this court to modify his sentence in accordance with the first time, just as the law and the statute call for in Oklahoma statute, title 21 O.S. § 51.1, when it clearly states after (10) ten years can not be used, in doing so would truly be turning a true miscarriage of justice into a right that was hinged from fruits of a poisonous tree syndrome that violates the constitutional right to a guaranteed fair trial by the constitution." Obj. at 1. Given Petitioner's failure to adequately address timeliness, the Court finds that Judge Green's findings should be adopted. *See, e.g.*, *Rivera v. Mullin*, 446 F. App'x 130, 131–32 (10th Cir. 2011) (unpublished) ("The magistrate's cogent report and recommendation correctly considered and resolved the timeliness issue; since [petitioner's] objection did not address that issue, the district court properly adopted the magistrate's report and recommendation. No reasonable jurist could conclude otherwise.").

---

[4] Petitioner did not allege facts implicating § 2244(d)(1)(C) or (D). *See* R. & R. at 6.

## IV.     Conclusion

For the reasons set forth herein, the Court ADOPTS the Report and Recommendation [Doc. No. 11] and DISMISSES Petitioner's § 2254 action WITH PREJUDICE.

In this case, a certificate of appealability (COA) may issue only if Petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the [Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the Court concludes that Petitioner is not entitled to issuance of a COA. A COA is therefore DENIED.

IT IS SO ORDERED this 27th day of September, 2024.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE